UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FITZGERALD MOTORS, INC.,
for itself and in the name of the Department
of Highway Safety and Motor Vehicles of the
State of Florida, for its use and benefit,

      Plaintiff,

  v.                                  CASE NO.:  8:21-cv-00974-VMC-AAS

GENESIS MOTOR AMERICA, LLC,

      Defendant.

_____/

**DEFENDANT GENESIS MOTOR AMERICA LLC'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Genesis Motor America LLC ("GMA" or "Defendant") denies any

and all allegations of or contained in the complaint filed by Fitzgerald Motors, Inc.

("Fitzgerald") on April 23, 2021 (the "Complaint") that are not expressly admitted

herein.  Defendant otherwise answers the numbered paragraphs of the Complaint as

follows:

## Parties[1]

1.      GMA denies each and every allegation of Paragraph 1, except admits that Fitzgerald alleges the lawsuit described in the third sentence of Paragraph 1, but denies that Fitzgerald is entitled to any judgments against Defendant, and except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Fitzgerald's state of incorporation and status as a "motor vehicle dealer."  Also, Florida Statutes 320.60(11)(a) and 320.695 are statutes that speak for themselves.

2.      GMA denies each and every allegation of Paragraph 2, except admits it is a California limited liability company with its principal place of business in Fountain Valley, California, and GMA admits that Hyundai Motor America Corporation ("HMA") is its sole member.  Additionally, Florida Statutes 320.60(5), 320.60(8), and 320.60(9) are statutes that speak for themselves.

3.      GMA denies each and every allegation of Paragraph 3, except admits that Fitzgerald and GMA are parties to a Genesis Dealer Sales and Service Agreement ("Genesis Dealer Agreement").  The allegations of Paragraph 3 also

---

[1] For ease of reference, Defendant repeats the headings set forth in Fitzgerald's Complaint to simplify comparison of the Complaint and this Answer.  However, by doing so, Defendant makes no admissions regarding the substance of the headings or regarding any other allegations of or contained in the Complaint.  In fact, unless otherwise stated, to the extent that a particular heading can be construed as an allegation, Defendant specifically denies all such allegations.

reference or are based on the Genesis Dealer Sales and Service Agreement, which is a document that speaks for itself.  GMA denies any allegations of Paragraph 3 that are inconsistent with this document.  Additionally, Florida Statute 320.60(1) is a statute that speaks for itself.

4.     Paragraph 4 is missing from the Complaint.

5.     Paragraph 5 is missing from the Complaint.

## Jurisdiction and Venue

6.     GMA admits the allegations of Paragraph 6.

7.     GMA denies each and every allegation of Paragraph 7, except admits that venue is proper in this Court.

## General Allegations

8.     GMA admits the allegations of Paragraph 8.

9.     GMA denies each and every allegation of Paragraph 9, except admits that HMA is the sole member of GMA and that GMA is the sole authorized distributor of Genesis vehicles in the United States.

10.     GMA denies each and every allegation of Paragraph 10, except admits that Hyundai Motor Company ("HMC") manufactured Hyundai Genesis vehicles and that HMA was the sole authorized distributor of Hyundai Genesis vehicles in the United States.

11.     GMA denies each and every allegation of Paragraph 11.

12.    GMA denies each and every allegation of Paragraph 12, except admits that Genesis is a line-make separate from Hyundai and that GMA is the sole authorized distributor of Genesis vehicles in the United States.

13.    GMA denies each and every allegation of Paragraph 13, except admits that at one point HMA and GMA did announce a desire to establish a dealer network for Genesis vehicles distinct from the Hyundai dealer network and that, had it been permitted to do so, GMA would have appointed a Genesis dealer network that would have had fewer authorized dealers than the Hyundai dealer network.

14.    GMA denies each and every allegation of Paragraph 14, except admits that in or about December 2017 and September 2018, GMA submitted applications for a distributor's license to the Florida Department of Highway Safety and Motor Vehicles ("DHSMV") and except refers to the response of the DHSMV thereto for the contents thereof.

15.    GMA denies each and every allegation of Paragraph 15.

16.    GMA denies each and every allegation of Paragraph 16, except admits that the DHSMV conditioned the granting of a distributor's license to GMA on its agreement to offer simultaneously to every Hyundai dealer in the state of Florida a Genesis Dealer Agreement "in place" (that is to say at each dealership's Hyundai place of business) and pursuant to terms and conditions identical to the Hyundai Dealer Agreement, and except admits that GMA acceded to these conditions and

that GMA was subsequently licensed by the DHSMV as the authorized distributor of the Genesis line-make in Florida.

17.    GMA denies each and every allegation of Paragraph 17, except admits that GMA offered to every Hyundai dealership in Florida a choice between a Genesis Dealer Agreement or a generous separation package, pursuant to which each accepting dealer surrendered whatever rights it had to the Genesis line-make, and except admits that a Genesis Dealer Agreement between GMA and Fitzgerald was fully executed as of January 3, 2019.

## GMA's Keystone Program

18.    GMA denies each and every allegation of Paragraph 18, except admits that in or about January 2020, GMA announced the Genesis Keystone Program (the "Keystone Program").

19.    GMA denies each and every allegation of Paragraph 19.

20.    GMA denies each and every allegation of Paragraph 20.

21.    GMA denies each and every allegation of Paragraph 21.

Facility Requirements

22.    GMA denies each and every allegation of Paragraph 22.

23.    GMA denies each and every allegation of Paragraph 23, except admits that the Keystone Program provided for certain support payments to dealers who

voluntarily invested in their Genesis dealership facilities and operations, and except otherwise refers to the Keystone Program for its full terms and conditions.

24.　　GMA denies each and every allegation of Paragraph 24, except admits that the Keystone Program provided for certain payments referred to as a "Leadership Bonus," and except otherwise refers to the Keystone Program for its full terms and conditions.

25.　　GMA denies each and every allegation of Paragraph 25.

26.　　GMA denies each and every allegation of Paragraph 26, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Fitzgerald "showcases in its showroom each [Genesis] model," and except admits that GMA currently distributes four models of Genesis vehicles.

27.　　GMA denies each and every allegation of Paragraph 27.

28.　　GMA denies each and every allegation of Paragraph 28.

29.　　GMA denies each and every allegation of Paragraph 29.

30.　　GMA denies each and every allegation of Paragraph 30.

<u>Sales Performance Objectives</u>

31.　　GMA denies each and every allegation of Paragraph 31.

32.　　GMA denies each and every allegation of Paragraph 32, except refers Fitzgerald to the rules governing the RPB for its full terms and conditions.

33.　　GMA denies each and every allegation of Paragraph 33.

34.     GMA denies each and every allegation of Paragraph 34.

35.     GMA denies each and every allegation of Paragraph 35.

36.     GMA denies each and every allegation of Paragraph 36.

37.     GMA denies each and every allegation of Paragraph 37.

38.     GMA denies each and every allegation of Paragraph 38.

## Modifications to Accelerate and Keystone Programs

39.     GMA denies each and every allegation of Paragraph 39, except admits that GMA has revised the Keystone Program and provided notice of those revisions to its Genesis dealers.

40.     GMA denies each and every allegation of Paragraph 40.

41.     GMA denies each and every allegation of Paragraph 41.

## Complimentary Maintenance Program Reimbursement

42.     GMA denies each and every allegation of Paragraph 42, except admits that HMA announced Hyundai Complimentary Maintenance in 2016 applicable, at the time, to all 2017 model year Genesis G80 and G90 vehicles purchased by consumers in the United States.

43.     GMA admits the allegations of Paragraph 43.

44.     Paragraph 44 contains allegations of law to which Defendant need not respond.  To the extent a response is deemed to be required, Defendant denies each and every allegation of Paragraph 44.

45. Paragraph 45 contains allegations of law to which Defendant need not respond. To the extent a response is deemed to be required, Defendant denies each and every allegation of Paragraph 45.

46. GMA denies each and every allegation of Paragraph 46.

## COUNT I
## GMA's Violation of Section 320.64(42)(a), Florida Statutes

47. GMA repeats and incorporates by reference its responses to Paragraphs 1 through 46.

48. Paragraph 48 contains allegations of law to which GMA need not respond. To the extent a response is deemed to be required, GMA denies each and every allegation of Paragraph 48. Additionally, Florida Statutes 320.695, 320.697, 320.64(42)(a), and Chapter 86, 28 U.S.C. §§ 2201–2202, and Fed. R. Civ. P. 57, are statutes and rules that speak for themselves.

49. Paragraph 49 contains allegations of law to which GMA need not respond. Additionally, Florida Statute 320.695 is a statute that speaks for itself.

50. Paragraph 50 contains allegations of law to which GMA need not respond. Additionally, Florida Statute 320.64(42)(a) is a statute that speaks for itself.

51. GMA denies each and every allegation of Paragraph 51.

52. GMA denies each and every allegation of Paragraph 52.

53. GMA denies each and every allegation of Paragraph 53.

54.     GMA denies each and every allegation of Paragraph 54.

55.     Paragraph 55 contains allegations of law to which GMA need not respond.  Additionally, Florida Statute 320.695 is a statute that speaks for itself.

56.     Paragraph 56 contains allegations of law to which GMA need not respond.  To the extent a response is deemed to be required, GMA denies each and every allegation of Paragraph 56.   Additionally, GMA denies that Fitzgerald is entitled to the relief requested in paragraphs (a) through (e) of the WHEREFORE clause of Paragraph 56.   GMA also denies that Fitzgerald is entitled to any relief whatsoever.

**COUNT II**
**GMA's Violation of Section 320.64(38), Florida Statutes**

57.     GMA repeats and incorporates by reference its responses to Paragraphs 1 through 46.

58.     Paragraph 58 contains allegations of law to which GMA need not respond.  To the extent a response is deemed to be required, GMA denies each and every allegation of Paragraph 58.  Additionally, Florida Statutes 320.695, 320.697, 320.64(38), and Chapter 86, 28 U.S.C. §§ 2201–2202, and Fed. R. Civ. P. 57, are statutes and rules that speak for themselves.

59.     Paragraph 59 contains allegations of law to which GMA need not respond.  Additionally, Florida Statute 320.695 is a statute that speaks for itself.

60.     Paragraph 60 contains allegations of law to which GMA need not respond.  Additionally, Florida Statute 320.64(38) is a statute that speaks for itself.

61.     Paragraph 61 contains allegations of law to which GMA need not respond.  To the extent a response is deemed to be required, GMA denies each and every allegation of Paragraph 61.  Additionally, Florida Statute 320.64(38) is a statute that speaks for itself.

62.     GMA denies each and every allegation of Paragraph 62.

63.     GMA denies each and every allegation of Paragraph 63.

64.     Paragraph 64 contains allegations of law to which GMA need not respond.  To the extent a response is deemed to be required, GMA denies each and every allegation of Paragraph 64.  Additionally, Florida Statute 320.64(38) is a statute that speaks for itself.

65.     Paragraph 65 contains allegations of law to which GMA need not respond.  To the extent a response is deemed to be required, GMA denies each and every allegation of Paragraph 65.  Additionally, Florida Statute 320.64(38) is a statute that speaks for itself.

66.     GMA denies each and every allegation of Paragraph 66.

67.     Paragraph 67 contains allegations of law to which GMA need not respond.  To the extent a response is deemed to be required, GMA denies each and

every allegation of Paragraph 67.   Additionally, Florida Statute 320.64(38) is a statute that speaks for itself.

68.    Paragraph 68 contains allegations of law to which GMA need not respond.  Additionally, Florida Statute 320.695 is a statute that speaks for itself.

69.    Paragraph 69 contains allegations of law to which GMA need not respond.  To the extent a response is deemed to be required, GMA denies each and every allegation of Paragraph 69.   Additionally, GMA denies that Fitzgerald is entitled to the relief requested in paragraphs (a) through (e) of the WHEREFORE clause of Paragraph 69.   GMA also denies that Fitzgerald is entitled to any relief whatsoever.

## COUNT III
## GMA's Violation of Section 320.64(18), Florida Statutes

70.    GMA repeats and incorporates by reference its responses to Paragraphs 1 through 46.

71.    Paragraph 71 contains allegations of law to which GMA need not respond.  To the extent a response is deemed to be required, GMA denies each and every allegation of Paragraph 71.  Additionally, Florida Statutes 320.695, 320.697, 320.64(18), and Chapter 86, 28 U.S.C. §§ 2201–2202, and Fed. R. Civ. P. 57, are statutes and rules that speak for themselves.

72.    Paragraph 72 contains allegations of law to which GMA need not respond.  Additionally, Florida Statute 320.695 is a statute that speaks for itself.

73.   Paragraph 73 contains allegations of law to which GMA need not respond.  Additionally, Florida Statute 320.64(18) is a statute that speaks for itself.

74.   GMA denies each and every allegation of Paragraph 74.

75.   GMA denies each and every allegation of Paragraph 75.

76.   Paragraph 76 contains allegations of law to which GMA need not respond.  To the extent a response is deemed to be required, GMA denies each and every allegation of Paragraph 76.  Additionally, Florida Statute 320.64(18) is a statute that speaks for itself.

77.   Paragraph 77 contains allegations of law to which GMA need not respond.  Additionally, Florida Statute 320.695 is a statute that speaks for itself.

78.   Paragraph 78 contains allegations of law to which GMA need not respond.  To the extent a response is deemed to be required, GMA denies each and every allegation of Paragraph 78.  Additionally, GMA denies that Fitzgerald is entitled to the relief requested in paragraphs (a) through (e) of the WHEREFORE clause of Paragraph 78.  GMA also denies that Fitzgerald is entitled to any relief whatsoever.

**COUNT IV**
**GMA's Violation of Section 320.64(37), Florida Statutes**

79.   GMA repeats and incorporates by reference its responses to Paragraphs 1 through 46.

80.     Paragraph 80 contains allegations of law to which GMA need not respond.  To the extent a response is deemed to be required, GMA denies each and every allegation of Paragraph 80.  Additionally, Florida Statutes 320.695, 320.697, 320.64(37), and Chapter 86, 28 U.S.C. §§ 2201–2202, and Fed. R. Civ. P. 57, are statutes and rules that speak for themselves.

81.     Paragraph 81 contains allegations of law to which GMA need not respond.  Additionally, Florida Statute 320.695 is a statute that speaks for itself.

82.     Paragraph 82 contains allegations of law to which GMA need not respond.  Additionally, Florida Statute 320.64(37) is a statute that speaks for itself.

83.     GMA denies each and every allegation of Paragraph 83.

84.     Paragraph 84 contains allegations of law to which GMA need not respond.  To the extent a response is deemed to be required, GMA denies each and every allegation of Paragraph 84.  GMA specifically denies that the alleged actions outlined in Paragraphs 80-83 "violate Section 320.64(18)" of the Florida Statutes, and to the extent Fitzgerald intended to allege that GMA's alleged actions "violate" Section 320.64(37) of the Florida Statutes, GMA also denies these allegations. Additionally, Florida Statutes 320.64(18) and 320.64(37) are statutes that speak for themselves.

85.     Paragraph 85 contains allegations of law to which GMA need not respond.  Additionally, Florida Statute 320.695 is a statute that speaks for itself.

86.    Paragraph 86 contains allegations of law to which GMA need not respond.  To the extent a response is deemed to be required, GMA denies each and every allegation of Paragraph 86.  Additionally, GMA denies that Fitzgerald is entitled to the relief requested in paragraphs (a) through (e) of the WHEREFORE clause of Paragraph 86.  GMA also denies that Fitzgerald is entitled to any relief whatsoever.

### COUNT V
### GMA's Violation of Section 320.64(6), Florida Statutes

87.    GMA repeats and incorporates by reference its responses to Paragraphs 1 through 46.

88.    Paragraph 88 contains allegations of law to which GMA need not respond.  To the extent a response is deemed to be required, GMA denies each and every allegation of Paragraph 88.  Additionally, Florida Statutes 320.695, 320.697, 320.64(6), and Chapter 86, 28 U.S.C. §§ 2201–2202, and Fed. R. Civ. P. 57, are statutes and rules that speak for themselves.

89.    Paragraph 89 contains allegations of law to which GMA need not respond.  Additionally, Florida Statute 320.695 is a statute that speaks for itself.

90.    Paragraph 90 contains allegations of law to which GMA need not respond.  Additionally, Florida Statute 320.64(6) is a statute that speaks for itself.

91.    GMA denies each and every allegation of Paragraph 91.

92.    Paragraph 92 contains allegations of law to which GMA need not respond.  To the extent a response is deemed to be required, GMA denies each and every allegation of Paragraph 92.  Additionally, Florida Statute 320.64(6) is a statute that speaks for itself.

93.    Paragraph 93 contains allegations of law to which GMA need not respond.  Additionally, Florida Statute 320.695 is a statute that speaks for itself.

94.    Paragraph 94 contains allegations of law to which GMA need not respond.  To the extent a response is deemed to be required, GMA denies each and every allegation of Paragraph 94.  Additionally, GMA denies that Fitzgerald is entitled to the relief requested in paragraphs (a) through (e) of the WHEREFORE clause of Paragraph 94.  GMA also denies that Fitzgerald is entitled to any relief whatsoever.

## COUNT VI
## GMA's Violation of Section 320.64(10)(b), Florida Statutes

95.    GMA repeats and incorporates by reference its responses to Paragraphs 1 through 46.

96.    Paragraph 96 contains allegations of law to which GMA need not respond.  To the extent a response is deemed to be required, GMA denies each and every allegation of Paragraph 96.  Additionally, Florida Statutes 320.695, 320.697, 320.64(10)(b), and Chapter 86, 28 U.S.C. §§ 2201–2202, and Fed. R. Civ. P. 57, are statutes and rules that speak for themselves.

97.    Paragraph 97 contains allegations of law to which GMA need not respond.  Additionally, Florida Statute 320.695 is a statute that speaks for itself.

98.    Paragraph 98 contains allegations of law to which GMA need not respond.   Additionally, Florida Statute 320.64(10)(b) is a statute that speaks for itself.

99.    GMA denies each and every allegation of Paragraph 99.

100.   Paragraph 100 contains allegations of law to which GMA need not respond.  To the extent a response is deemed to be required, GMA denies each and every allegation of Paragraph 100.  Additionally, Florida Statute 320.64(10)(b) is a statute that speaks for itself.

101.   Paragraph 101 contains allegations of law to which GMA need not respond.  Additionally, Florida Statute 320.695 is a statute that speaks for itself.

102.   Paragraph 102 contains allegations of law to which GMA need not respond.  To the extent a response is deemed to be required, GMA denies each and every allegation of Paragraph 102.  Additionally, GMA denies that Fitzgerald is entitled to the relief requested in paragraphs (a) through (e) of the WHEREFORE clause of Paragraph 102.  GMA also denies that Fitzgerald is entitled to any relief whatsoever.

## COUNT VII
## <u>GMA's Violation of Section 320.696, Florida Statutes</u>

103.   GMA repeats and incorporates by reference its responses to Paragraphs 1 through 46.

104.   Paragraph 104 contains allegations of law to which GMA need not respond.  To the extent a response is deemed to be required, GMA denies each and every allegation of Paragraph 104.  Additionally, Florida Statutes 320.695, 320.696, 320.697, and Chapter 86, 28 U.S.C. §§ 2201–2202, and Fed. R. Civ. P. 57, are statutes and rules that speak for themselves.

105.   Paragraph 105 contains allegations of law to which GMA need not respond.  Additionally, Florida Statute 320.695 is a statute that speaks for itself.

106.   Paragraph 106 contains allegations of law to which GMA need not respond.  To the extent a response is deemed to be required, GMA denies each and every allegation of Paragraph 106.  Additionally, Florida Statute 320.696 is a statute that speaks for itself.

107.   Paragraph 107 contains allegations of law to which GMA need not respond.  To the extent a response is deemed to be required, GMA denies each and every allegation of Paragraph 107.

108.   GMA denies each and every allegation of Paragraph 108, except refers to the documents establishing reimbursement rates between Fitzgerald and GMA, the contents of which speak for themselves.

109.   GMA denies each and every allegation of Paragraph 109.

110.   Paragraph 110 contains allegations of law to which GMA need not respond.  To the extent a response is deemed to be required, GMA denies each and every allegation of Paragraph 110.  Additionally, Florida Statute 320.696 is a statute that speaks for itself.

111.   Paragraph 111 contains allegations of law to which GMA need not respond.  Additionally, Florida Statute 320.695 is a statute that speaks for itself.

112.   Paragraph 112 contains allegations of law to which GMA need not respond.  To the extent a response is deemed to be required, GMA denies each and every allegation of Paragraph 112.  Additionally, GMA denies that Fitzgerald is entitled to the relief requested in paragraphs (a) through (e) of the WHEREFORE clause of Paragraph 112.  GMA also denies that Fitzgerald is entitled to any relief whatsoever.

## COUNT VIII
## GMA's Violation of Robinson-Patman Act, 15 U.S.C. § 13(a)

113.   GMA repeats and incorporates by reference its responses to Paragraphs 1 through 46.

114.   Paragraph 114 contains allegations of law to which GMA need not respond.  To the extent a response is deemed to be required, GMA denies each and every allegation of Paragraph 114.  Additionally, Sections 4 and 16 of the Clayton

Act, 15 U.S.C. §§ 15(a) and 26, and 15 U.S.C. § 13(a) are statutes that speak for themselves.

115.   GMA denies each and every allegation of Paragraph 115, except admits that it is a motor vehicle distributor engaged in the sale of motor vehicles in interstate commerce.

116.   GMA denies each and every allegation of Paragraph 116.

117.   GMA denies each and every allegation of Paragraph 117.

118.   GMA denies each and every allegation of Paragraph 118.

119.   GMA denies each and every allegation of Paragraph 119.

120.   GMA denies each and every allegation of Paragraph 120, except denies knowledge of information sufficient to form a belief as to the truth of the allegations regarding other "affected dealers."

121.   Paragraph 121 contains allegations of law to which GMA need not respond.  To the extent a response is deemed to be required, GMA denies each and every allegation of Paragraph 121.  Additionally, GMA denies that Fitzgerald is entitled to the relief requested in paragraphs (a) through (d) of the WHEREFORE clause of Paragraph 121.  GMA also denies that Fitzgerald is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise bear, Defendant asserts the Affirmative Defenses set forth below.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint and each claim contained therein fail to state claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Breach of Dealer Agreements)

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff is in breach of its agreements with Defendant.

## THIRD AFFIRMATIVE DEFENSE

### (Functional Availability)

All support payments and bonuses offered under the Keystone Program are functionally available to Fitzgerald on equal terms with other purchasers of the same quality and grade of goods.

## FOURTH AFFIRMATIVE DEFENSE

### (No Damages or Injury)

Plaintiff's claims are barred to the extent Plaintiff did not sustain any actual or legally cognizable injury.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

In the event that Plaintiff has sustained damages as alleged in the Complaint, which Defendant denies, Plaintiff's claims are barred or reduced in whole or in part to the extent that Plaintiff failed to mitigate any damages allegedly sustained.

## SIXTH AFFIRMATIVE DEFENSE

### (Uncertain or Speculative Damages)

Plaintiff's claims are barred, in whole or in part, because the damages allegedly sustained by Plaintiff are speculative and uncertain.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Punitive/Treble Damages)

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not alleged and cannot prove facts sufficient to entitle Plaintiff to an award or punitive or treble damages.

## EIGHTH AFFIRMATIVE DEFENSE

### (Good Faith Belief)

Defendant acted in good faith and with reasonable belief and did not in any manner, directly or indirectly, perform any act, or fail to perform any act, which would violate any of Plaintiff's alleged rights or the statutes alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

(Unclean Hands)

Plaintiff's claims are barred in whole or in part pursuant to the doctrine of "unclean hands" because Plaintiff engaged in conduct which proximately caused or contributed to any and all injuries Plaintiff allegedly suffered.

## TENTH AFFIRMATIVE DEFENSE

(Estoppel)

Plaintiff's claims may be barred in whole or in part by the doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

(Waiver)

Plaintiff's claims may be barred in whole or in part by reason of Plaintiff's own actions and course of conduct.

## TWELFTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

Plaintiff's claims are barred, in whole or in part, to the extent any recovery from Defendant would result in the unjust enrichment of Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

(No Oppression, Fraud or Malice)

Plaintiff is not entitled to recover punitive or exemplary damages herein because Plaintiff has failed to allege facts sufficient to state a claim for punitive or

exemplary damages or to show that Defendant was guilty of oppression, fraud or malice.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Impermissible Burden)

Plaintiff's claims are barred, in whole or in part, because application of the Florida Dealer Act, Fla. Stat. § 320, *et seq.*, in the manner alleged in the Complaint would pose an impermissible burden on interstate commerce under the United States Constitution.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Substantially Different Economic or Marketing Considerations)

Plaintiff's claims are barred, in whole or in part, because Defendant's actions were reasonably supported by substantially different economic or marketing considerations than are applicable to the licensee's same line-make dealers.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Reason and Good Cause)

Plaintiff's claims are barred, in whole or in part, because Defendant's actions were "supportable by reason and good cause after considering the equities of the affected motor vehicles dealer or dealers."

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Refusal, Limitation or Restriction was Justified)

Plaintiff's claims are barred, in whole or in part, because any "refusal, limitation, or restriction [by Defendant was] justified by consideration of reasonable facility and financial requirements and the dealer's performance for existing line-make."

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Requirements were Reasonable and Justifiable)

Plaintiff's claims are barred, in whole or in part, because all of Defendant's requirements and standards are fair, reasonable, nonarbitrary, and equitable in light of the current and reasonably foreseeable projections of economic conditions, financial expectations in Fitzgerald's market and include all relevant and material local and regional criteria, data, and facts.

## NINETEENTH AFFIRMATIVE DEFENSE

(Additional Defenses)

Defendant hereby gives notice that they intend to rely upon any other defenses that may become available or apparent during the discovery proceedings in this matter and hereby reserve the right to amend the Answer to assert any such defense.

### Jury Trial Demand

Defendant objects to Plaintiff's demand for trial by jury, because Plaintiff waived its right to trial by jury as contained in the Standard Provisions of its Genesis Motor America Dealer Sales and Service Agreement.

Wherefore, having fully answered and defended, Defendant prays for judgment as follows:

A.    That Plaintiff takes nothing by or under their Complaint;

B.    That judgment be entered for Defendant and against Plaintiff on each and every claim set forth in Plaintiff's Complaint;

C.    That Defendant recovers their costs of suit; and

D.    For such other and further relief as the Court deems just and proper.

Respectfully submitted this 2nd day of June, 2021.

/s/ James Andrew Bertron Jr.
James Andrew Bertron Jr. (982849)
NELSON MULLINS BROAD & CASSEL
215 South Monroe Street, Suite 400
Tallahassee, FL 32301
Telephone:  850-907-2507
andy.bertron@nelsonmullins.com

Ryan L. Ford (*pro hac vice* to be submitted)
HOGAN LOVELLS US LLP
555 Thirteenth St. NW
Washington, DC 20004
Telephone:  202-637-5600
ryan.ford@hoganlovells.com

Michael Turrill (*pro hac vice* to be submitted)
HOGAN LOVELLS US LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone:  310-785-4707
michael.turrill@hoganlovells.com

Laura Groen (*pro hac vice* to be submitted)
HOGAN LOVELLS US LLP
1601 Wewatta Street, Suite 900
Denver, CO 80202
Telephone:  303-454-2423
laura.groen@hoganlovells.com

*Attorneys for Defendant GENESIS MOTOR AMERICA, LLC.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 2, 2021, the foregoing was filed with the Clerk of Court using CM/ECF, which will serve a Notice of Electronic Filing on all counsel of record.

/s/ James Andrew Bertron Jr.
James Andrew Bertron Jr.